Parker C. J.
delivered the opinion of the Court. This bill shows a very clear case of equity ; but not such a one as is within the jurisdiction of this Court ; and the remedy for the plaintiffs must be at common law. We have no power in chancery, except by statute ; and the general authority to issue injunctions has not been given. The exercise of such a power exists only when the subject matter falls within the jurisdiction granted by the legislature ; such as the case of trust created in the manner prescribed in St. 1817, c. 87, or partnerships, waste or nuisance, provided for in subsequent statutes. Injunctions against proceeding at law are within the general jurisdiction of chancery, which we are not authorized to assume. But it is insisted that Hobart, against whom the bill is filed, is a trustee within the meaning of St. 1817, c. 87 ; because, being administrator of William Watson, and Samuel D. Watson being residuary legatee, Hobart should be considered a trustee on a trust arising in the settlement of an estate. We have not been able yet precisely to ascertain the meaning of the legislature in this last branch of trusts, specified in the act giving this Court equity jurisdiction. If thereby an executor or administrator is rendered a trustee and liable to this process, we think it must be only in favor of heirs, legatees, creditors or others interested in the settlement and disposition of the estate. There is certainly no relation of trustee and cestui que trust between the present plaintiff and the administrator. They stand in the relation only of debtor and creditor. This bill *482 must be dismissed ; and we decline determining, extrajudicialtys whether the matter alleged will constitute a defence in the suit at law, pending against the present plaintiff in favor of Hobart, as administrator. That question must come before us in another shape.